```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
FOREST DIAMONDS, INC., d/b/a AMINOV                               :
DIAMONDS,                                                         :
                                                                  :
                                            Plaintiff,            :
                                                                  :
                         -v -                                     :
                                                                  :
AMINOV DIAMONDS LLC, et al.,                                      :
                                                                  :
                                            Defendants.           :
                                                                  :
----------------------------------------------------------------- X
```

<div style="float:right">
USDC SDNY<br>
DOCUMENT<br>
ELECTRONICALLY FILED<br>
DOC #: _____<br>
DATE FILED: 6/6/2022
</div>

1:06-cv-5982-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

The Court has received the letter from Defendants providing a status update and including a letter "from an Israeli court" translated from Hebrew and "signed by Plaintiffs attesting to the fact that Defendants have paid and satisfied the settlement amount to Plaintiffs." Dkt. No. 49. Defendants assert that the "Judgment and Orders Department of this Court advised that [Defendants] may file this signed and notarized letter in lieu of a Satisfaction of Judgment." *Id* at 1. The Orders and Judgments Department of this Court, however, confirmed to the Court that it did not make such a statement.

The Court declines to enter an order of satisfaction based on a translated letter submitted by Defendants with an affidavit in English that is unsigned. Local Rule 54.3 provides that satisfaction of a money judgment shall be entered upon, among other things, the "filing of a satisfaction executed and acknowledged by: (1) the judgment creditor . . ." or "[u]pon the registration of a certified copy of a satisfaction entered in another court." Defendants' filing does not comply with either section of Local Rule 54.3. Plaintiff has not executed or acknowledged a satisfaction in this Court, nor is the letter provided a "certified copy of a satisfaction entered in another court."

Accordingly, the Court will take no action on Defendants' letter.

    SO ORDERED.

Dated: June 6, 2022
      New York, New York

_____
GREGORY H. WOODS
United States District Judge